IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALLEN BENNETT, )
)
        Petitioner, )
)
vs. ) CIVIL NO. 07-794-GPM
)
ROGER E. WALKER, JR., *et al.*, )
)
        Respondents. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. The habeas action is before this Court pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (hereinafter referred to as "the Habeas Rules"). Also before the Court are Petitioner's motions for leave to file petition in handwritten form (Doc. 2); for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc.4); and to transfer (Doc 5).

### THE PETITION

Following a jury trial in the Circuit Court of Cook County, Illinois, Petitioner was convicted of possession of a stolen motor vehicle over $25,000. On October 15, 2002, Petitioner was sentenced to 15 years' imprisonment by the state trial court.

At some point, Petitioner discovered that, in addition to his 15-year prison sentence, he was also subject to a 2-year mandatory supervised release (MSR) requirement. *See* 730 ILCS § 5/5-8-1(d)(1). Petitioner asserts that the MSR term impermissibly increases his 15-year sentence beyond

the statutorily allowed maximum and, therefore, violates his constitutional rights.

Additionally, Petitioner challenges the loss of good time credits he suffered as a result of two disciplinary actions taken against him in December 2004.[1] On December 13, 2004, Petitioner was cited for possessing dangerous contraband (Rule 104) and contraband (Rule 308) after a six inch long, one-half inch wide metal slat was found in his property box. On December 15, 2008, while confined in segregation (on the contraband citations), Petitioner was cited for "601– Aiding and Abetting, Attempt, Solicitation, or Conspiracy to 105– Dangerous Disturbances, 206– Intimidation or Threats and 304-Insolence" (Petitioner's Exh. D), after yelling to other inmates in the segregation unit that there were no black inmates working in the segregation unit. Petitioner contends that he was denied due process of law in connection with these disciplinary actions. Specifically, Petitioner asserts that: (1) the Adjustment Committee failed to provide him an adequate written record indicating why it disregarded exonerating evidence presented by Petitioner; (2) that the disciplinary actions were not supported by "some evidence" in the record; (3) the Adjustment Committee failed to state the disposition of the charges for the disciplinary action recommended; (4) the Adjustment Committee failed to state the reasons for recommending the disciplinary action; and (5) that the Appeal Board failed to review all of the Adjustment Committee's dispositions recommending Petitioner lose good time credits.

Petitioner contends that when he is afforded all of the "day for day" good time credits to

---

[1] Petitioner asserts that he lost a total of six months good time credits. A review of the exhibits, however, indicates that Petitioner lost a total of nine months good time credits.

which he entitled,[2] *see* 730 ILCS § 5/3-6-3, he is entitled to immediate release to MSR.[3]

**DISCUSSION**

Rule 4 of the Habeas Rules provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon review of the petition and exhibits, the Court finds summary dismissal appropriate.

**1. MSR CLAIM**

Petitioner's MSR claim lacks merit. Illinois statutory law requires a term of MSR be added to Petitioner's 15 year sentence, not run concurrent with or subtracted from it. *See Owens v. Snyder*, 811 N.E.2d 738, 746 (Ill. App. Ct. 2004) (statute requires mandatory supervised release be added to term of imprisonment). Specifically, 730 ILCS § 5/5-8-1(d) provides:

> Except where a term of natural life is imposed, every sentence shall include as though written therein a term *in addition to the term of imprisonment* . . . . For those sentenced on or after February 1, 1978, such term shall be identified as a mandatory supervised release term. Subject to earlier termination under Section 3-3-8, the . . . mandatory supervised release term shall be . . . (2) for a Class 1 felony . . . 2 years . . . . (emphasis added).

The MSR term cannot be stricken by the courts. *Owens v. Snyder*, 811 N.E.2d at 746. It is clear that Petitioner's sentence of 15 years imprisonment *plus* 2 years MSR is imposed in accordance with state law.

---

[2]That is, for each day of good behavior Petitioner serves in prison, he receives one day of good time credit, which, effectively, can reduce his sentence in half.

[3]Petitioner contends that his prison sentence is actually just 13 years - that is, 15 years maximum minus the 2 years MSR. Consequently, Petitioner contends that one-half of his prison sentence is only 6 years and 6 months (one-half of 13 years), not 7 years and 6 months (one-half of 15 years).

While a person *pleading* guilty without knowledge of this additional MSR term might be able to successfully argue in *state* court post-conviction proceedings that the plea was not knowing and voluntary, *see People v. Whitfiled,* 217 Ill.2d 177 (2005), Petitioner's lack of knowledge of the additional two-year MSR term does not state a meritorious § 2254 claim under the facts of this case. As noted above, Petitioner's conviction is based on a jury verdict, not a guilty plea.[4] Petitioner's lack of knowledge of Illinois's MSR provision does not rise to the level of a constitutional violation.

**2. DISCIPLINARY ACTIONS**

A loss of good time credits implicates a liberty interest because such a loss potentially affects the length of Petitioner's sentence. While the proper method for challenging the loss of good time credit is a federal habeas corpus action, Petitioner may seek federal habeas relief only after exhausting his remedies through the Illinois state courts. 28 U.S.C. § 2254(b)(1)(A). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. Ct. 2004), *citing Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. Ct. 1981). Consequently, the State of Illinois must first be afforded the opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq.*, to consider Petitioner's good time credit claims.[5] Upon

---

[4]Even if Petitioner's conviction had been based on a guilty plea, the petition still should be dismissed because there is no federal due process right, established by the Supreme Court, to be notified prior to a plea that a MSR will be appended to an Illinois state sentence. *Lockhart v. Chandler*, 446 F.3d 721 (7th Cir. 2006).

[5]Without ruling on the merits of Petitioner's good time credit claims, the Court notes for Petitioner's benefit that the process due Petitioner is outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Furthermore, the evidence relied upon by the disciplinary committee need only comply with the "some evidence" standard. *See Superintendent of Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985); *see also Cox v. McBride,* 279 F.3d 492 (7th Cir. 2002). Issues related to credibility – who the committee believed and why – are not proper issues for

review, the Court notes that while Petitioner sought a writ of habeas corpus from the state courts concerning his good time credits, he did not seek a writ of mandamus.[6] The Court further notes that it appears that no statute of limitations applies to mandamus actions in Illinois state court – although the equitable doctrine of latches may apply. *See Hynes v. Snyder*, 823 N.E.2d 231, 235 (Ill. App. Ct. 2005).

**CONCLUSION**

Petitioner's motions for leave to file petition in handwritten form (Doc. 2) and for leave to proceed *in forma pauperis* (Doc. 4) are **GRANTED**. Petitioner's motion to transfer (Doc. 5) is **DENIED** as moot. Petitioner's MSR claim is **DISMISSED** on the merits. Petitioner's good time credits claim is **DISMISSED** without prejudice for failing to exhaust his available state remedies. The Clerk of Court is **DIRECTED** to **close** this case on the Court's docket.

**IT IS SO ORDERED**.

DATED: 06/11/2008

s/ G. Patrick Murphy<br>
G. Patrick Murphy<br>
United States District Judge

---

judicial review.

[6] While the instant habeas action was pending before this Court, Petitioner filed another habeas corpus action in this Court asserting claims identical to those asserted herein. *See Bennet v. Walker*, Civil Case No. 3:08-164-GPM. In that case, Petitioner filed exhibits (Doc. 10) concerning the steps he had taken to exhaust his available state remedies. Those exhibits clearly indicate that Petitioner filed only a petition for a state writ of habeas corpus, not a petition for a writ of mandamus. It appears that the state habeas petition was dismissed because Petitioner's claims were not cognizable within the narrow scope of the Illinois Habeas Act, 735 ILCS 5/101 *et seq.*